UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

  v.

DAVID A. SOUZA and D.A. SOUZA INVESTMENTS, LLC,

       Defendants.

_____/

NO. 2:09-cv-2421 FCD-KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on the motion of Roger V. Jaffe, Esq. ("Jaffe"), to withdraw as attorney of record for defendants David A. Souza and D.A. Souza Investments, LLC. Counsel brings this motion on the grounds that he represented defendants solely for the purpose of negotiating a possible settlement and never intended to appear on behalf of defendants in the litigation. (Decl. of Roger V. Jaffe ("Jaffe Decl."), filed Apr. 16, 2010, ¶¶ 3-6.) Further, Jaffe asserts that counsel and defendants have irreconcilable differences arising out of the litigation that impede an effective attorney-client

1

1 relationship and that defendants have not paid fees associated
2 with their defense.  (Id. ¶ 7.)  Neither plaintiff nor defendants
3 filed an opposition to the motion.
4      Local Rule 182(d) provides that attorneys may not withdraw
5 from an action in which they have appeared without leave of the
6 court upon noticed Motion.  The Local Rule incorporates the
7 requirements for withdrawal and the Rules of Professional Conduct
8 of the State Bar of California.  The Rules of Professional
9 Conduct of the State Bar of California provide in pertinent part:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

California Rules of Professional Conduct, Rule 3-700(A)(2).

     Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain specified circumstances.  Counsel contends that withdrawal is warranted under Rule 3-700(C)(1)(d), where the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively, and Rule 3-700(C)(1)(f), where the client breaches an agreement or obligation to the attorney as to expenses or fees.

     Counsel has complied with these requirements by notifying defendants of the pending motion and obtaining their agreement to termination of the employment relationship.  (Jaffe Decl. ¶¶ 8-9.)  Further, Jaffe represents that defendants participated in the initial Joint Status Conference Report submitted in the
/////

litigation and thus, are aware of the proposed deadlines in this case.

Accordingly, based upon the materials submitted by counsel, the motion to withdraw as attorney of record is GRANTED.  Counsel shall comply with the requirements of California Rules of Professional Conduct, Rule 3-700(D).

Further, because pursuant to Local Rule 183(a), a corporation may not appear in propria persona and because D.A. Souza Investments, LLC must obtain counsel to avoid having a default judgment entered against it, counsel is directed to advise defendant D.A. Souza Investment, LLC of the possibility of default.  Counsel shall file a declaration regarding compliance within ten days of issuance of this order.

Pursuant to Local Rule 302(c)(21), this case is hereby referred to the assigned Magistrate Judge, Kimberly J. Mueller, for case management and recommendation(s) to the District Court Judge.  Parties are to contact Matt Caspar at 916-930-4187 with regard to further case management.

IT IS SO ORDERED.

DATED: June 2, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3