IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,                             No. CIV 09-2421 KJM DAD (TEMP) PS

    vs.

DAVID SOUZA, et al.,

    Defendants.                           <u>ORDER</u>

_____/

        Due to defendant's incarceration, plaintiff's motion for sanctions was submitted on the papers. Upon review of the documents in support, no opposition having been filed,[1] and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

---

[1] No opposition to the motion to compel was timely filed. By order filed December 20, 2010, defendant was afforded additional time to file opposition and cautioned that failure to do so would be deemed a statement of non-opposition and result in the striking of the answer and entry of default. Because the court had been advised defendant was incarcerated in the Shasta County Jail, the court directed the Clerk of Court to serve defendant at both his address of record and at the Shasta County Jail. The copy of the order mailed to defendant was returned as undeliverable. Plaintiff filed a reply (docket no. 86) advising the court that defendant was released from the Shasta County Jail on December 19, 2010. Therefore, on January 19, 2011, the court granted defendant one further extension of time to file opposition to the pending motion, again cautioned defendant regarding the consequences of failing to file opposition, and ordered the Clerk to serve the January 19, 2011 order on plaintiff's prior address of record. (Docket no. 88.) Nonetheless, no opposition has been filed by defendant.

1

1    In this civil enforcement action,[2] plaintiff alleges defendant violated the federal
2 securities laws by fraudulently representing that he was an investment advisor.  Plaintiff further
3 alleges that defendant targeted members of a Redding, California church and diverted funds
4 obtained from its members to cover defendant's personal living expenses.
5    Plaintiff moves for sanctions due to defendant's failure to comply with this court's
6 discovery orders.  Plaintiff seeks to have defendant's answer stricken and default entered.[3]  The
7 court has authority to impose sanctions for abuses of the discovery process under Rule 37 of the
8 Federal Rules of Civil Procedure.  See Wanderer v. Johnston, 910 F.2d 652 (9th Cir.1990).  The
9 drastic sanction of default may be imposed only when the sanctioned party's noncompliance was
10 due to willfulness, fault, or bad faith.  See Henry v. Gill Indus., 983 F.2d 943, 946 (9th Cir.1993).
11 Five factors must be weighed in determining whether the sanction of default for noncompliance
12 with discovery is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2)
13 the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the
14 public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
15 sanctions."  Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).  When a party
16 violates a court order, the first and second factors will favor sanctions and the fourth factor will
17 weigh against sanctions.  Determination of plaintiff's motion for terminating sanctions thus turns
18 on the third and fifth factors identified in Malone.  See Computer Task Group, Inc. v. Brotby,
19 364 F.3d 1112, 1115 (9th Cir. 2004).
20    Here, the court finds the third and fifth factor overwhelmingly favor entry of the
21 relief requested by plaintiff.  Defendant has repeatedly disobeyed this court's discovery orders.
22 In an order filed June 28, 2010, the court initially directed defendant to make initial disclosures.

---

[2] The matter was referred to the assigned magistrate judge for pretrial management under Local Rule 302(c)(21) after defendant's counsel was allowed to withdraw from representation. See docket no. 43.

[3] The answer of the defendant corporation, D.A. Souza Investments, LLC, was stricken on September 8, 2010 and default was entered against this defendant.  See docket nos. 68, 74.

1  See docket no. 50.  When defendant failed to comply with that order, plaintiff moved to compel
2  initial disclosures.  Plaintiff also moved to compel production of documents.  No opposition to
3  those motions were filed by defendant and by order filed September 22, 2010, both motions were
4  granted and defendant was cautioned that failure to comply with the discovery order might result
5  in striking of the answer and entry of default.  See docket no. 80.  Defendant has again failed to
6  comply with the discovery orders and made no attempt whatsoever to produce relevant
7  documents.  The court finds defendant's failure to comply with the court's orders of June 28,
8  2010 and September 22, 2010 to be willful and in bad faith.

9  The documents sought by plaintiff are essential to development of plaintiff's case
10 and the failure to produce relevant documents, or admit that the documents do not exist, has
11 precluded plaintiff from proper prosecution of the instant litigation.  See, e.g. SEC v. Trabulse,
12 526 F. Supp. 2d 1008, 1015-16 (N.D. Cal. 2007) (absence of records that investment advisor
13 should have maintained as fiduciary has evidentiary value).  Defendant has now been warned
14 three times that his answer would be stricken and default entered if he did not comply with the
15 court's orders or file opposition to the pending motion.  See docket nos. 80, 84, 88.  Under these
16 circumstances, the court finds no alternative lesser sanction is appropriate.  See Wanderer, 910
17 F.2d at 656 (default appropriate sanction where defendants repeatedly failed to comply with
18 discovery orders); see also Computer Task Group, Inc., 364 F.3d at 1116-17 (alternative of lesser
19 sanctions was appropriately considered where the court anticipates continued lack of cooperation
20 and had put a party of notice that continued failure to cooperate in discovery would result in
21 default).  Given the record of defendant's intransigent behavior in defending this action and utter
22 refusal to comply with the court's orders, the court finds upon balancing the five factors set forth
23 above that striking of the answer and entry of default is warranted in this case.
24 /////
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (docket no. 82) is granted.

2. The answer filed on behalf of defendant David A. Souza (docket no. 36) is stricken.

3. The Clerk of Court is directed to enter default against defendant David A. Souza.

DATED: March 10, 2011.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
sec-souza2421.san.dad.