IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

   v.

DAVID A. SOUZA, et al.,

        Defendants.
                           /

No. CIV S-09-2421 KJM DAD (TEMP) PS

FINDINGS & RECOMMENDATIONS

        This matter came before the court on May 27, 2011, for hearing of plaintiff's motion for default judgment against defendants David A. Souza and D. A. Souza Investments, LLC. (Doc. No. 98.) Judith Anderson appeared telephonically on behalf of plaintiff. No appearance was made by or on behalf of defendants at the hearing.

        The court's docket reflects that defendants have not filed any motion for relief from the defaults entered against defendant Souza on April 21, 2011 and against defendant D. A. Souza Investments, LLC on September 15, 2010. Upon hearing argument from plaintiff's counsel on the motion for default judgment, the court took the matter under submission.

        For the reasons set forth below, the undersigned recommends that plaintiff's motion be granted and that default judgment be entered against defendants.

/////

BACKGROUND

In this action, plaintiff Securities and Exchange Commission alleges claims for securities fraud against defendant David Souza and his investment company, D. A. Souza Investments, LLC. Plaintiff alleges defendant Souza induced approximately 28[1] investors associated with a church community to invest more than $1 million dollars with his investment firm and that the money was used in part to fund a Ponzi scheme, with the remainder of the funds being used for defendant Souza's personal living expenses.

The record reflects that both defendants were properly served with process and defaults have been entered. (Doc. Nos. 74 and 97.) On April 25, 2011, plaintiff filed its motion for default judgment with a proof of service reflecting service of the motion on defendants.

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

/////

---

[1] The complaint alleges 28 investors; by the time of the filing of the motion for default judgment, plaintiff SEC was aware of at least 29 investors.

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entries of default against defendants and the affidavits submitted in support of the motion for summary judgment establish that both defendants fraudulently offered and sold securities and by their conduct violated sections 5(a), 5(c) and 17(a) of the Securities Act, § 77e(c) and § 77q(a) and section 10(b) of the Exchange Act and that defendant Souza also violated sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims. Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the disgorgement amount, injunctive relief and civil penalty. Defendant Souza refused to comply with the court's discovery orders and ultimately his answer filed in this action was stricken and default entered against him. (Doc. no. 94.) The defendant corporation was also cautioned by the court that its answer would be stricken if new counsel was not obtained after its prior counsel was permitted to

/////

1 withdraw, and after allowing a reasonable amount of time to obtain new representation and
2 failing to do so, the answer of the corporate defendant was also stricken by the court.  (Doc. Nos.
3 43 and 68.)

4         In light of the entry of default against the defendants, there is no apparent
5 possibility of a dispute concerning the material facts underlying the action.  Nor is there any
6 indication that the defendants' default resulted from excusable neglect, since defendants were
7 properly served with plaintiff's pleading as well as with plaintiff's requests for entries of default
8 and motion for default judgment, and have repeatedly been advised of the consequences of
9 failing to comply with the court's orders.  Defendants have had ample notice of plaintiff's intent
10 to pursue a default judgment against them.

11         Although public policy generally favors the resolution of a case on its merits, the
12 defendants' failure to properly defend against plaintiff's claims has made a decision on the merits
13 impossible in this case.  Because most of the <u>Eitel</u> factors weigh in plaintiff's favor, the
14 undersigned, while recognizing the public policy favoring decisions on the merits, will
15 recommend that default judgment be entered against defendants.

16 II.  <u>Terms of Judgment to Be Entered</u>

17         After determining that entry of default judgment is warranted, the court must next
18 determine the terms of the judgment.  Upon consideration of plaintiff's briefing, the undersigned
19 will recommend that the relief requested be granted.  Plaintiff seeks injunctive relief,
20 disgorgement, and a civil penalty against defendant Souza.  The proposed final judgment
21 submitted by plaintiff (Doc. No. 98-5) properly sets forth the injunctive relief requested and
22 enjoins defendants from engaging in future violations of the securities laws.  The disgorgement
23 amount of $946,928.28 sought by plaintiff is properly supported by the analysis set forth in
24 /////
25 /////
26 /////

Schedules A and B in plaintiff's Exhibit G, the declaration of counsel and supporting exhibits.[2]

Plaintiff also seeks a civil penalty pursuant to 15 U.S.C. § 77t(d). The allowable penalty has been adjusted for inflation. 17 C.F.R. § 201.1003. Because of defendant Souza's misrepresentations, concealment of the material facts regarding the investments, reckless disregard of the securities laws, and the substantial losses to investors, penalties under Tier 3 should be imposed. Under Tier 3, the maximum penalty is $130,000 per violation, or the gross amount of pecuniary gain. See, e.g. S.E.C. v. Kenton Capital, Ltd., 69 F. Supp. 2d 1,17 (D.D.C. 1998) (Tier 3 multiplied by number of investors); see also U.S.S.E.C. V. Henke, 275 F. Supp.2d 1075, 1084 (N.D. Cal 2003) (Tier 3 multiplied by number of alleged violations); cf. S.E.C. v. CMKM Diamonds, 635 Supp. 2d 1185 (civil penalty imposed equal to amount of disgorgement and prejudgment interest). The court will recommend a civil penalty be imposed equal to the gross amount of pecuniary gain, i.e. the amount of disgorgement plus prejudgment interest, in order to adequately serve the deterrent function of the civil penalty provision.

## CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (Doc. No. 98) be granted;

2. The proposed final judgment as to defendants David A. Souza and D.A. Souza Investments, LLC (Doc. No. 98-5) be adopted;

3. A civil penalty against defendant Souza be imposed in the amount of $946,928.28; and

4. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

---

[2] The disgorgement amount includes prejudgment interest, calculated to run from defendants' last receipt of investor funds on April 30, 2008 to April 1, 2011, the first day of the month in which the motion for default judgment was filed.

1  fourteen days after these findings and recommendations are filed, any party may file written
2  objections with the court.  A document containing objections should be titled "Objections to
3  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to
4  file objections within the specified time may, under certain circumstances, waive the right to
5  appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: June 2, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
sec-souza.defjudg