UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID A. SOUZA and D.A. SOUZA INVESTMENTS, LLC,<br><br>    Defendants | Case No. Civ S-09-2421 KJM DAD<br><br>FINAL JUDGMENT AS TO DEFENDANTS DAVID A. SOUZA AND D.A. SOUZA INVESTMENTS, LLC |

    The motion by plaintiff Securities and Exchange Commission ("Commission") for entry of this Final Judgment By Default against defendants David A. Souza ("Souza") and D.A. Souza Investments, LLC ("Souza Investments") (collectively, "Defendants"), as provided by Rule 55(b) of the Federal Rules of Civil Procedure, has been submitted to the court. The motion is supported by the Declaration of Judith L. Anderson and the evidence attached thereto, the Commission's Memorandum of Law, the Complaint and the other papers and records on file herein. By its motion, the Commission requests that the court find that Defendants violated the federal securities laws as alleged in the Complaint and that the court impose a permanent injunction against each of the Defendants enjoining them from future violations of the federal securities laws. The Commission further requests that the court order disgorgement of Defendants' ill-gotten gains from their violations, jointly and severally, in the amount of

/////

/////

$895,337.63, plus prejudgment interest thereon in the amount of $51,590.28, for total disgorgement of $946,927.91[1], and that the court order Souza, individually, to pay a civil penalty.

The court, having considered the Commission's motion and supporting evidence, the Complaint and the files and records herein, and good cause appearing, hereby GRANTS the Commission's motion, finding as follows:

1. The court has jurisdiction over defendants Souza and Souza Investments and the subject matter of this litigation;

2. On September 15, 2010, the Clerk of the Court entered a default against Defendant Souza Investments, as directed by the court's September 8, 2010 Order;

3. On April 21, 2011, the Clerk of the Court entered a default against Defendant Souza Investments, as directed by the court's March 10, 2011 Order;

4. Defendants directly or indirectly, by use of the means or instrumentalities of interstate commerce, or of the mails, or of a national securities exchange, with scienter, in connection with the purchase or sale of securities, employed a device, scheme or artifice to defraud, and made untrue statements of material fact, and omitted to state material facts necessary to make the statements made true, in light of the circumstances under which they were made, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

5. Defendants, directly or indirectly, by use of the means or instruments of transportation and communication in interstate commerce, or by use of the mails, (a) with scienter, employed devices, schemes or artifices to defraud; (b) obtained money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in any transaction, practice, or course of business which

---

[1] After reviewing the documents submitted for final judgement, the court discovered a miscalculation in the total amount of disgorgement, based on the dollar amounts provided by the parties. The correct amount is $946,927.91, rather than $946,928.28 as stated in the court's August 8, 2011 order.

operates

/////

or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a);

      6.    Defendants, directly or indirectly, in the absence of any applicable exemption, and without any registration statement filed with the Commission or in effect as to the securities, made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, and to offer to sell securities, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c);

      7.    Defendant Souza acted as an investment adviser, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11), to the pooled investment funds and, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, and while engaged in the business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities:  (a) with scienter, employed devices, schemes, and artifices to defraud; and (b) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon clients or prospective clients, in violation of Sections 206(1) and 206(2), of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2);

      8.    Defendant Souza acted as an investment adviser, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11), to the pooled investment funds and purported to operate a pooled investment vehicle, as defined by Rule 206(4)-8(b) promulgated under the Advisers Act, 17 C.F.R. § 275.206(4)-8(b), and, while so acting, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, engaged in transactions, practices, and courses of business which operate as a fraud or deceit upon investors in the pooled investment funds.  Souza made untrue statements of a material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment funds, and otherwise engaged in acts, practices or courses of

1  business that were fraudulent, deceptive, or manipulative with respect to any investor or
2  /////
3  prospective investor in the pooled investment funds, in violation of Section 206(4) of the
4  Advisers Act, 15 U.S.C. § 80b-6(4) and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8;

5       9.  Unless restrained or enjoined, Defendants are likely again to violate the
6  securities laws described above;

7       10.  Defendants obtained, through fraud and the illegal sale of securities in
8  unregistered distributions to the public, ill-gotten gains that they should disgorge, jointly and
9  severally, of $895,337.63;

10       11.  To ensure that Defendants are not unjustly enriched by their illegal
11  conduct, Defendants should return their ill-gotten gains with prejudgment interest thereon in the
12  amount of $51,590.28, for net total disgorgement of $946,927.91; and

13       12.  The deterrent purposes of the federal securities laws would be served by
14  the imposition of a civil penalty against Defendant Souza in the amount of $946,927.91.

15       NOW, THEREFORE,

16  I.

17       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED  that Defendants
18  and Defendants' agents, servants, employees, attorneys, and all persons in active concert or
19  participation with them who receive actual notice of this Final Judgment by personal service or
20  otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section
21  10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule
22  10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of
23  interstate commerce, or of the mails, or of any facility of any national securities exchange, in
24  connection with the purchase or sale of any security:

25       (a)  to employ any device, scheme, or artifice to defraud;

26       (b)  to make any untrue statement of a material fact or to omit to state a
27  material fact necessary in order to make the statements made, in the light of the circumstances
28  under which they were made, not misleading; or

4

        (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

        (a)    to employ any device, scheme, or artifice to defraud;

        (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

        (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

        (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

        (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments

1  of transportation, any such security for the purpose of sale or for delivery after sale; or
2  /////
3     (c) Making use of any means or instruments of transportation or
4  communication in interstate commerce or of the mails to offer to sell or offer to buy through the
5  use or medium of any prospectus or otherwise any security, unless a registration statement has
6  been filed with the Commission as to such security, or while the registration statement is the
7  subject of a refusal order or stop order or (prior to the effective date of the registration statement)
8  any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IV.

10    IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that
11 Defendant Souza and Souza's agents, servants, employees, attorneys, and all persons in active
12 concert or participation with them who receive actual notice of this Final Judgment by personal
13 service or otherwise, are permanently restrained and enjoined from violating, directly or
14 indirectly, Sections 206(1) and 206(2), of the Investment Advisers Act of 1940 (the "Advisers
15 Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2), by the use of the mails or any means or
16 instrumentality of interstate commerce:
17    (a) to employ any device, scheme, or artifice to defraud any client or
18 prospective client;
19    (b) to engage in any transaction, practice, or course of business which
20 operates as a fraud or deceit upon any client or prospective client; or
21    (c) to engage in any act, practice, or course of business which is fraudulent,
22 deceptive, or manipulative.

V.

24    IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that
25 Defendant Souza and Souza's agents, servants, employees, attorneys, and all persons in active
26 concert or participation with them who receive actual notice of this Final Judgment by personal
27 service or otherwise, are permanently restrained and enjoined from violating Sections 206(4) of
28 the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 promulgated thereunder, 17 C.F.R.

§275.206(4)-8, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    (b)    to otherwise engage in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay, jointly and severally, disgorgement of ill-gotten gains in the amount of $895,337.63, together with prejudgment interest thereon in the amount of $51,590.28, for total disgorgement of $946,927.91.  Defendants shall satisfy this obligation by paying the full amount of net disgorgement and prejudgment interest, totaling $946,927.91, within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Defendants Souza and Souza Investments as parties to this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously mail a copy of the letter and payment to Marc J. Fagel, Regional Director, U.S. Securities & Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, California 94104.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission may enforce the court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after fourteen (14) days following entry of this Final Judgment.  In response to any such

civil contempt motion by the Commission, the Defendants may assert any legally permissible defense.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Souza, individually, shall pay a civil penalty in the amount of $946,927.91, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Souza as a defendant in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: August 23, 2011.

_____
UNITED STATES DISTRICT JUDGE